**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

IN RE: *SUBPOENA DUCES TECUM*
*ISSUED TO THE FEDERAL BUREAU OF*          Misc. No. 2:26mc1
*INVESTIGATION, NORFOLK FIELD OFFICE,*
*IN THE MATTER OF ADAIR V. RICHARDSON*

**JOINT PETITION FOR ENTRY OF**
**PRIVACY ACT ORDER PURSUANT TO 5 U.S.C. § 552a(b)(12)**

Pursuant to 5 U.S.C. § 552a(b)(12), Petitioners United States of America and counsel for

the plaintiff in that certain action styled *Tiffany Adair v. Barrett Richardson, Esq., in his capacity*

*as the Committee for Cleshaun Cox*, Case No. CL21005563-00, now pending in the Circuit

Court for the City of Portsmouth, Virginia, respectfully request this Court's assistance to enter an

agreed and stipulated Privacy Act order. In support of thereof, Petitioners state as follows:

1.      The Court has jurisdiction over this request pursuant to 5 U.S.C. § 552a(b)(12)

and 28 U.S.C. § 1331.

2.      The underlying case involves civil litigation between Plaintiff and Defendant

commenced in the Circuit Court for the City of Portsmouth, Virginia, styled *Tiffany Adair v.*

*Barrett Richardson, Esq., in his capacity as the Committee for Cleshaun Cox*, Case No.

CL21005563-00 ("*Adair v. Richardson*"). Neither the United States nor the Federal Bureau of

Investigation ("FBI") are parties to *Adair v. Richardson*.

3.      Based on Plaintiff's complaint, Plaintiff alleges that, in or around May 2019, she

was the victim of an assault by Cleshaun Cox, a former Portsmouth police officer who was on

duty at the time. Cox was prosecuted and found guilty for this assault by the Commonwealth of

Virginia, *Commonwealth v. Cleshaun Cox*, Case No. CR20000290-01, and the United States,

*United States v. Cleshaun Cox*, Case No. 2:23cr84.

3.          On or about July 28, 2022, Plaintiff filed *Adair v. Richardson* in the Circuit Court

for the City of Portsmouth seeking damages based on the May 2019 events involving Cox.

4.          In connection with Plaintiff's lawsuit, Plaintiff issued a subpoena *duce tecum* to

the FBI for various documents contained in its investigative file relating to Cox's federal

prosecution. *See* Exhibit 1, attached. On January 21, 2026, Plaintiff provided to the FBI the

required statement describing the specific information sought and its relevance to the underlying

proceeding, thereby providing the notice required under the Department of Justice's *Touhy*

regulations. *See* 28 C.F.R. § 16.22(d).

5.          The United States has identified two documents that are relevant and responsive

to the subpoena *duces tecum* and the *Touhy* request, more particularly described in the proposed

order attached hereto. Counsel for Plaintiff has agreed to accept those documents in lieu of

further disclosures pursuant to the issued subpoena *duces tecum*.

6.          However, because each of these two documents are maintained within a "system

of records," 5 U.S.C. § 552a(a)(5), they are subject to the terms of the Privacy Act, 5 U.S.C.

§ 552a, which provides in pertinent part that "[n]o agency shall disclose any record which is

contained in a system of records by any means of communication to any person, . . . except

pursuant to a written request by, or with the prior written consent of, the individual to whom the

record pertains, unless disclosure of the record would be . . . pursuant to the order of a court of

competent jurisdiction." 5 U.S.C. § 552a(b)(12). The United States has conditioned its

willingness to disclose these two documents to Plaintiff only if a Privacy Act order is entered.

*See* Exhibit 2, attached.

7.      This Court is a court of competent jurisdiction within the meaning of 5 U.S.C.

§ 552a(b)(12) and is authorized to issue the order requested herein. The Privacy Act does not

specify the standards for issuance of such an order, but at least one court has held that the

standard is no different than the usual discovery standards under the federal rules. *Laxalt v.*

*McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987); *see also Clymer v. Grzegorek*, 515 F. Supp. 938,

942 (E.D. Va. 1981) (a court may order the release of documents, such as home addresses,

pursuant to the Privacy Act). The United States does not dispute that the two documents

identified have relevance to the allegations in Plaintiff's state lawsuit against Cox.

WHEREFORE, Petitioners respectfully request that this Court enter the proposed order

attached.

Respectfully submitted,

| UNITED STATES OF AMERICA<br>Petitioner<br><br>TODD W. BLANCHE<br>Deputy Attorney General<br><br>*/s/ Kent P. Porter*<br>Kent P. Porter, VSB No. 22853<br>Assistant United States Attorney<br>United States Attorney's Office<br>8000 World Trade Center<br>101 West Main Street<br>Norfolk, VA 23510<br>Tel: 757-441-6331<br>Fax: 757-441-6689<br>Kent.porter@usdoj.gov<br>*Counsel for Petitioner United States* | TIFFANY ADAIR<br>Petitioner<br><br><br><br>*/s/ Seth R. Carroll*<br>Seth R. Carroll, Esq., VSB No. 74745<br>Commonwealth Law Group, LLC<br>3311 West Broad Street<br>Richmond, VA 23230<br>Tel: 804-999-9999<br>Fax: 804-238-6415<br>scarroll@hurtinva.com<br>*Counsel for the Petitioner Tiffany Adair* |
| --- | --- |